UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL JASON JAMES,

    Petitioner,

v.                                        Case No. 4:22-cv-77-AW-MJF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Michael Jason James has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, and supporting memorandum. Docs. 7, 13. Respondent ("the State") moves to dismiss the petition as time-barred. Doc. 11. James opposes the motion. Doc. 16. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that James's petition should be dismissed as time-barred.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2017, James was charged in Leon County Circuit Court Case No. 2017-CF-3061, with Sexual Battery When Victim Physically Incapacitated. Doc. 11-3, Ex. B1.[2] The offense was a first-degree felony punishable by up to 30 years in prison. *Id*.; *see also* Fla. Stat. §§ 794.011(4), 775.082(3)(b).

On July 12, 2018, James resolved the charge by entering a counseled, negotiated plea agreement. Doc. 11-4, Ex. B2. The agreement provided that James would plead *nolo contendere* to the charge, and that he would be sentenced to 10 years of imprisonment followed by 10 years on sex offender probation; that he would be designated a sexual predator under Fla. Stat. § 775.21; and that he would be subject to various other conditions. Doc. 11-4, Ex. B2.

James entered his *nolo contendere* plea in open court on July 12, 2018. Doc. 11-4, Ex. B2. The trial court accepted James's plea, adjudicated him guilty, and sentenced him consistent with the plea agreement. Doc. 11-5, Ex. B3 (J. & Sentence); Doc. 11-8, Ex. B6 (Order of Sex Offender Probation). James did not

---

[2] Citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 11. The citation references the docket entry number followed by the lettered exhibit.

appeal the judgment and sentence. Doc. 7 at 2; Doc. 11-2, Ex. A. James did not file any postconviction motions in state court. Doc. 7 at 4-7.

James filed his initial *pro se* federal habeas petition on February 14, 2022, which he later amended. Docs. 1, 7. James's amended petition raises one claim: that under the United States Constitution, state courts lack jurisdiction to conduct felony criminal trials, and have jurisdiction only over civil trials. Doc. 7 at 9.

The State asserts that James's petition is time-barred, because it was filed outside the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Doc. 11. In response, James argues that this court must consider his claim because it involves a continuing "due process, rudimental error." Doc. 14. James also asserts that he did not learn that he "was tried in the wrong court" until early 2021, because he is "unlearned in federal constitutional law." *Id*. at 4.

## II. Discussion

**A.    The Federal Habeas Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs James's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal

habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

**B.    James's Habeas Petition Is Untimely**

James does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from

the remaining trigger, which is the date James's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

James did not pursue direct review of his July 12, 2018, judgment; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court, expires."). James's time to seek direct review of his judgment expired on August 13, 2018, which was the deadline for him to file a notice of appeal in the First DCA. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (b)(3).[3]

The federal habeas limitations period began to run one day later, on August 14, 2018, and expired one year later, on August 14, 2019, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the

---

[3] Because August 11, 2018, was a Saturday, James had until the following Monday to file a notice of appeal. Fla. R. App. P. 9.420(e); Fla. R. Gen. Prac. & Jud. Admin. 2.514.

day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

James did not file any tolling application during that critical one-year period. *See* 28 U.S.C. § 2244(d)(2). James's federal habeas petition, filed on February 14, 2022, is untimely by more than two years.

C. **James's Untimely Petition Should Be Dismissed**

James does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. James's response to the motion to dismiss does not reveal a basis for equitable tolling.

"A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014). Additionally, "[t]he lack of a legal education . . . do[es] not excuse a failure to file a § 2254 petition in a timely fashion." *DeLeon v. State of Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (same).

James's untimely petition should be dismissed.

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 11, be **GRANTED**.

2. The amended petition for writ of habeas corpus, Doc. 7, challenging the judgment of conviction and sentence in *State of Florida v. Michael James*, Leon County Circuit Court Case No. 2017-CF-3061, be **DISMISSED with prejudice** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4.  The clerk of court close this case file.

At Pensacola, Florida, this 10th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**